

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>KIMBERLY DALE OXFORD,<br>Defendant. | 1:22-CR-10047-01-CBK<br>MEMORANDUM OPINION<br>AND ORDER |

Defendant and co-defendant Robert Joseph Holstein, Jr. were charged in a two-count indictment with distribution of a controlled substance, fentanyl, resulting in serious bodily injury and conspiracy to distribute a controlled substance, fentanyl. Defendant Oxford has filed a motion to sever defendants for trial pursuant to Fed. R. Crim. P. 14(a). Although not stated in her motion, defendant also argues in her brief that the defendants were improperly joined for trial in violation of Fed. R. Crim. P. 8(a).

### I. Joinder.

Pursuant to Fed. R. Crim. P. 8(b), joinder of defendants in an indictment is proper "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993). In this case, both defendants are charged in both counts of the indictment with having committed the identical crimes, conspiracy to distribute fentanyl and a single act of distribution on a certain date. "It is the well-settled rule in this circuit that when all of the defendants charged in an indictment are part of a single common conspiracy joinder under Rule 8(b) is proper." United States v. Mendoza, 876 F.2d 639, 643 (8th Cir. 1989). Further, there can be no question that it is proper to join both defendants when they are both alleged to have participated in the same act of distributing fentanyl.

### II. Severance.

Pursuant to Fed. R. Crim. P. 14(a), if the consolidation of defendants for trial appears to prejudice a defendant, the Court may order separate trials. United States v. Escobar, 909 F.3d 228, 242 (8th Cir. 2018). Defendant contends that severance is necessary in this case because

the co-defendant gave a statement implicating defendant and such claim would not be subject to cross-examination if the co-defendant chooses not to testify.

> In conspiracy trials, our cases have tended to favor trying coconspirators jointly absent demonstrated prejudice. We will not reverse a denial of a motion to sever unless the appellant demonstrates an abuse of discretion resulting in clear prejudice. Generally, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together. The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials, as a codefendant frequently attempts to 'point the finger,' to shift the blame, or to save himself at the expense of the other.

United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009) (internal quotations and citations omitted).

"The presumption against severing properly joined cases is strong. It is not enough that a defendant thinks [her] chances for acquittal would be better in a separate trial. United States v. Delpit, 94 F.3d 1134, 1143 (8th Cir. 1996) (*citing* Zafiro, 506 U.S. at 540, 113 S.Ct. at 938–39). "This presumption can only be overcome if the prejudice is 'severe or compelling.'" United States v. Lewis, 557 F.3d at 609 (*quoting* United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008)). "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014).

> A court will permit severance only "upon a showing of real prejudice to an individual defendant. . . . Prejudice to the defendant must be both "real" and "clear" . . . A demonstration of prejudice requires the defendant to demonstrate some appreciable chance that [she] would not have been convicted had the separate trial [she] wanted been granted. That is, the defendant must show something more than the mere fact that [her] chances for acquittal would have been better had [she] been tried separately. [She] must affirmatively demonstrate that the joint trial prejudiced [her] right to a fair trial. To satisfy the real prejudice standard, a defendant may show that [her] defense is irreconcilable with the defense of [her] codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. The defendant carries a heavy burden in making this showing.

United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotations and citations omitted).

> We have stated that the existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable. A defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another.

> Antagonistic defenses require severance only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.

United States v. Lewis, 557 at 609–10 (cleaned up).

Defendant has identified no antagonistic defenses requiring severance. Instead, she contends that co-defendant's statements to investigators which incriminated her could be admitted by the government in their case in chief. If co-defendant does not testify, defendant would be unable to challenge co-defendant's statements. The identical Confrontation Clause concern was address by the United States Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

> In *Bruton*, the Supreme Court held that the admission of a nontestifying defendant's statement inculpating a codefendant violates the codefendant's Confrontation Clause rights, notwithstanding a curative instruction.

United States v. Lewis, 557 F.3d 601, 611 (8th Cir. 2009) (*citing* Bruton, 391 U.S. at 135-36.

"[T]here is no Confrontation Clause violation when the defendant's name and existence are excised from the statement and limiting instructions are given, even though the confession might implicate the defendant when linked to other evidence." United States v. Williams, 429 F.3d 767, 772–73 (8th Cir. 2005) (*citing* Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)). However, "notwithstanding cautionary instructions and neutral redactions, Bruton is violated when the fact that a statement had been redacted is so obvious as to lead the jury through ordinary inferences directly to a defendant." United States v. Williams, 429 F.3d 767, 773 (8th Cir. 2005) (*citing* Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998)).

Severance is not required in this case. No evidence that violates Bruton will be allowed. If the government seeks the admission of the co-defendant's statements, the government must, in advance of trial, provide the Court a copy of the statements, along with a proposed redacted version of the statements. If the redacted version violates Gray, the co-defendant's statement will not be admitted at all. Only a redacted version that is not obviously altered to remove the defendant's name and existence will be admissible.

**ORDER**

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 33, to sever defendants for separate trials is denied.

DATED this 17th day of December, 2022.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge